■ WILLIE M. BROWN, Individually and as Administratrix of the Estate of HENRY BROWN, Deceased, Plaintiff, v PENINSULA HOSPITAL CENTER, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. KASEM SANGBHUNDHU, Third-Party Defendant-Appellant.—In a medical malpractice action, the third-party defendant appeals from an order of the Supreme Court, Queens County, dated March 28, 1978, which denied his motion to dismiss the third-party complaint or, in the alternative, to sever the third-party action. Order affirmed, with $50 costs and disbursements. The plaintiff is the personal representative of a former patient of the defendant Peninsula Hospital Center. She sued the hospital to recover for the decedent's

wrongful death. In response to her demand for an examination before trial, the hospital produced one of the treating physicians, the appellant. It is conceded that the attorneys for the hospital never informed the doctor of any potential conflict of interest or of his right to obtain his own counsel. After he had testified, the hospital discovered that the doctor was covered by his own malpractice insurance and it therefore obtained new counsel to represent it and commenced a third-party action seeking indemnity from the doctor. Appellant moved to dismiss the third-party complaint upon the ground that, by producing him as its representative without informing him of the conflict of interest, the hospital was equitably estopped from asserting any right of indemnification. Special Term denied the motion and, on appeal, the hospital claims that it is not estopped because prior to the examination before trial, the doctor falsely informed it that he was not covered by malpractice insurance. Whether or not there was such a false representation, we view the issue of insurance coverage as irrelevant to the issues in the case. The hospital's right to sue the doctor was not affected by the existence or nonexistence of such coverage. In our view the hospital's former attorneys breached their duty under the Code of Professional Responsibility to inform the doctor of the potential conflict of interest (DR 7-104, subd [A], par [2]). However, an equitable estoppel will arise under such circumstances only where the breach of the duty is relied upon by the person asserting the estoppel to his detriment. Prejudice will not be assumed. Here, the doctor has failed to show that his testimony at the examination before trial would have been different had he known of the conflict of interest, that his representation by the former attorneys for the hospital at the examination was in any way inadequate, or that he disclosed confidential detrimental information to these attorneys in preparing to appear at the examination. Similarly, we see no need for a severance. It appears that the examinations notice by the doctor are almost complete. Disclosure should be completed expeditiously and the trial commenced promptly thereafter. Hopkins, J. P., Damiani, Titone and Rabin, JJ., concur.